Filed 05/04/11    Case 11-02337    Doc 1

2011-02337
FILED
May 04, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003469714

Gregory C. Nuti (CSBN151754)
E-Mail: gnuti@schnader.com
Christopher H. Hart (CSBN 184117)
E-Mail: chart@schnader.com
Natalie Bush-Lents (CSBN 253124)
E-Mail: nbush-lents@schnader.com
SCHNADER HARRISON SEGAL & LEWIS LLP
One Montgomery Street, Suite 2200
San Francisco, California 94104-5501
Telephone: 415-364-6700
Facsimile: 415-364-6785

Attorneys for Bradley D. Sharp,
Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>SK FOODS, L.P., a California limited partnership,<br><br>Debtor. | Case No. 09-29162-D-11<br><br>Chapter 11<br><br>Adversary Proceeding No. |
| BRADLEY D. SHARP, Chapter 11 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>SKPM Corp., Inc., SSC&L 2007 Trust, Monterey Peninsula Farms, LLC, Fredrick Scott Salyer aka Scott Salyer in his capacity as trustee of the Scott Salyer Revocable Trust and trustee of the SSC&L 2007 Trust, Scott Salyer Revocable Trust, Fast Falcon, LLC, Henry John Heath, and Does 1-5,<br><br>Defendants. | **COMPLAINT FOR:**<br><br>1. **AVOIDANCE AND RECOVERY OF TRANSFERS OF PROPERTY PURSUANT TO 11 U.S.C. §§ 544, 548, AND 550 AND CALIFORNIA CIVIL CODE §§3439.04, 3439.05, AND 3439.07;**<br>2. **WILLFUL VIOLATION OF THE AUTOMATIC STAY** |

Bradley D. Sharp (the "Trustee" or "Plaintiff"), the duly appointed and acting chapter 11 trustee for substantively consolidated debtors SK Foods, L.P., a California limited partnership ("SK Foods"), and RHM Industrial/Specialty Foods, Inc., a California corporation,

**COMPLAINT**

PHDATA 3369682_1

Filed 05/04/11　　　　　Case 11-02337　　　　　Doc 1

d/b/a Colusa County Canning Co. ("RHM" and collectively with SK Foods, the "Debtors"), alleges as follows:

## INTRODUCTION

1. By this complaint, the Trustee seeks to recover certain transfers of SK Foods' property to the extent that such transfers occurred. Specifically, the Trustee seeks to recover SK Foods' equity interest in SK Foods Australia Pty Ltd. ("Cedenco") that was allegedly transferred to or by various entities owned and controlled by Scott Salyer as set forth below. Additionally, the Trustee seeks to recover an intercompany claim for a loan that SK Foods made to Cedenco that was also allegedly transferred to or by various entities owned and controlled by Scott Salyer as set forth below.

2. In connection with attempting to effectuate the alleged transfers, Henry John Heath, a former director of Cedenco took actions post-petition in an attempt to effectuate the alleged transfers describes herein in violation of 11 U.S.C. § 362.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(H).

4. Venue properly lies in this judicial district pursuant to 28 U.S.C. §1409(a) in that the instant adversary proceeding is related to the above-captioned case under Title 11 of the United States Code.

## THE PARTIES

5. Plaintiff Bradley D. Sharp is the duly appointed and acting Chapter 11 Trustee in the cases of SK Foods, L.P., a California limited partnership ("SK Foods"), and RHM Industrial Specialty Foods, Inc., a California corporation, d/b/a Colusa County Canning Co. ("RHM") (collectively, "the Debtors").

6. Fredrick Scott Salyer aka Scott Salyer ("Salyer") is an individual residing in the State of California. The Trustee is informed and believes and thereon alleges that Salyer is trustee of Scott Salyer Revocable Trust and the SSC&L 2007 Trust.

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CA 94104-5501
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

PHDATA 3369682_1

COMPLAINT

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CA 94104-5501
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

7. The Trustee is informed and believes and thereon alleges that the Scott Salyer Revocable Trust ("SSRT") is a California trust whose beneficiary is Salyer. SSRT is the sole limited partner of SK Foods.

8. The Trustee is informed and believes and thereon alleges that SKPM Corporation ("SKPM"), a California corporation, is the general partner of SK Foods and is wholly owned by the Scott Salyer Revocable Trust.

9. The Trustee is informed and believes and thereon alleges that the SSC&L 2007 Trust ("SSC&L") is a California trust whose beneficiary is Salyer.

10. The Trustee is informed and believes and thereon alleges that Fast Falcon, LLC is an entity of unknown capacity whose address is 3450 21st Street, San Francisco, California 94104. Cary S. Collins is its manager.

11. Monterey Peninsula Farms, LLC ("MPF") is a California limited liability company. Salyer, SKPM, SSRT, SSC&L, MPF, Fast Falcon, and MPF are collectively referred to as the "Salyer Defendants".

12. Henry John Heath ("Heath") is an individual and resident of Australia. Heath is a former director of Cedenco.

13. The true names and capacities of Defendants DOES 1 through 5, inclusive, are unknown to Plaintiff at this time. Therefore, the Trustee sues said Defendants by such fictitious names. The Trustee believes that each of these fictitiously named Defendants is responsible in some manner for the occurrences alleged herein and is believed to have proximately caused damages. The Trustee will seek leave of Court to amend this Complaint to insert the true names and capacities of said fictitiously named Defendants when the same have been ascertained.

## GENERAL ALLEGATIONS

14. On May 5, 2009 (the "Petition Date"), involuntary bankruptcy petitions were filed against Debtors SK Foods and RHM. Thereafter, on May 7, 2009, the Debtors filed a voluntary petition for relief (the "Bankruptcy Case") under chapter 11 of Title 11 of the United

States Code, 11 U.S.C. § 101, et. seq. (the "Bankruptcy Code"). The Plaintiff was appointed the chapter 11 trustee in the Bankruptcy Case and presently serves in that capacity.

### The Intercompany Loan

15. On February 27, 2002, SK Foods transferred US$6,250,000.00 from Mid–Peninsula Bank to Banc One, NA Australian Branch for the benefit of Cedenco. At the exchange rate at that time, that resulted in a deposit of AU$12,131,152.95. Cedenco entered this transaction on its books as a loan from SK Foods. Scott Salyer signed a promissory note payable to SK Foods from Cedenco dated February 25, 2002 for AU$12,131,152.95 ("Intercompany Loan").

16. Cedenco at all times treated the Intercompany Loan as a loan from SK Foods.

17. The amount owing on the Intercompany Loan as of the date of this complaint is in excess of US$17,074,283.00 plus accruing interest and other charges.

### Equity Interest in Cedenco

18. In January 2002, Cedenco issued 100 shares to SK Foods and SK Foods consented to becoming a member of Cedenco. Attached as Exhibit A is Cedenco's statutory register indicating SK Foods ownership of 100 shares of Cedenco.

19. On February 28, 2002, SK Foods instructed Banc One, NA Australian Branch to transfer AU$12,040,438.02 from Cedenco to Cerebosa, the then other interest holder in Cedenco in full satisfaction of Cerebosa's interest in Cedenco. Thereafter, SK Foods held 99.01% of the equity in Cedenco ("Equity Interest").

### Liquidation of Cedenco

20. Cedenco is subject to liquidation proceedings in Australia which has resulted in its sale ("Australian Liquidation"). The Australian Liquidation has produced proceeds sufficient to pay all creditors of Cedenco in full, including the Intercompany Loan, and provide payment on account of SK Food's Equity Interest in an amount in excess of $32 million.

21. The Australian Liquidation is currently being administered by Sheahan Lock Partners in Adelaide, Australia ("Liquidator"). The Liquidator has requested anyone asserting a claim to the proceeds of the Australian Liquidation to submit such claims to the Liquidator.

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CA 94104-5501
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

22. The Trustee has submitted claims to the Liquidator for payment on account of the Intercompany Loan and the Equity Interest.

23. The Salyer Defendants have also submitted claims to the Liquidator for payment on account of the Intercompany Loan and Equity Interest claiming SK Foods transferred these assets pre-petition as set forth below.

## ALLEGED TRANSFER OF INTERCOMPANY LOAN

24. The Trustee is informed and believe and thereon alleges that the Salyer Defendants claim SK Foods transferred the Intercompany Loan to SSC&L ("Initial Intercompany Loan Transfer"). Although the Salyer Defendants do not disclose the date of the alleged transfer, the earliest this transfer could have occurred, if at all, is December 18, 2007.

25. The Trustee is informed and believe and thereon alleges that SSC&L did not pay any consideration to SK Foods for the Initial Intercompany Loan Transfer.

26. The Trustee is informed and believe and thereon alleges that the Salyer Defendants claim that SSC&L thereafter transferred the Intercompany Loan to Fast Falcon ("Subsequent Intercompany Loan Transfer").

27. The Trustee is informed and believe and thereon alleges that Fast Falcon did not pay any consideration to SSC&L for the Subsequent Intercompany Loan Transfer.

28. The Trustee contends the Initial Intercompany Loan Transfer and Subsequent Intercompany Loan Transfer (collectively, "Loan Transfers") each were invalid and of no effect such that SK Foods at all relevant times retained complete ownership and title to the Intercompany Loan. Whether the Loan Transfers transferred the Intercompany Loan is an issue being decided in the context of the Australian Liquidation. In the event the Liquidator finds either or both of the Loan Transfers valid, then the Trustee may avoid either or both Loan Transfer as fraudulent conveyances as set forth below.

## ALLEGED TRANSFER OF THE EQUITY INTEREST

29. The Trustee is informed and believe and thereon alleges that the Salyer Defendants claim SK Foods transferred the Equity Interest to SKPM and SSRT, transferring

**COMPLAINT**

54.45% to SKPM ("SKPM Interest") and 45.55% to SSRT ("SSRT Interest"). The transfer of the SKPM Interest and SSRT Interest shall be referred to collectively as the "Initial Equity Transfer". The Initial Equity Transfer could not have occurred, if at all, prior to March 28, 2008.

30. The Trustee is informed and believe and thereon alleges that SK Foods did not receive any consideration for the Initial Equity Transfer.

31. The Trustee is informed and believe and thereon alleges that the Salyer Defendants claim that SKPM thereafter transferred the SKPM Interest to MPF on or about January 17, 2009 (the "SKPM Subsequent Transfer").

32. The Trustee is informed and believe and thereon alleges that SKPM did not receive any consideration in exchange for the SKPM Subsequent Transfer.

33. The Trustee is informed and believe and thereon alleges that the Salyer Defendants claim that SSRT thereafter transferred the SSRT Interest to MPF on or about January 17, 2009 (the "SSRT Subsequent Transfer").

34. The Trustee is informed and believe and thereon alleges that SSRT did not receive any consideration in exchange for the SSRT Subsequent Transfer.

35. The Trustee is informed and believe and thereon alleges that the Salyer Defendants claim that MPF thereafter transferred the SKPM Interest and SSRT Interest to Fast Falcon on or about June 29, 2009 (collectively, the "MPF Subsequent Transfers").

36. The Trustee is informed and believe and thereon alleges that MPF did not receive any consideration in exchange for the MPF Subsequent Transfers.

37. The Trustee contends the Initial Equity Transfer, SKPM Subsequent Transfer, SSRT Subsequent Transfer and MPF Subsequent Transfer (collectively, "Equity Transfers") each were invalid and of no effect such that SK Foods at all relevant times retained complete ownership and title to the Australian Equity. Whether the Equity Transfers transferred the Australian Equity is an issue being decided in the context of the Australian Liquidation. In the event the Liquidator finds any or all of the Equity Transfers valid, then the Trustee may avoid any and all of the Equity Transfers as fraudulent conveyances as set forth below.

COMPLAINT

Schnader Harrison Segal & Lewis LLP
One Montgomery Street, Suite 2200
San Francisco, CA 94104-5501
Telephone: (415) 364-6700
Fax: (415) 364-6785

38. Realizing the documentation of the Initial Equity Transfer was insufficient to effectuate a transfer of the Equity Interest, on or about July 10, 2009, Heath prepared and filed an Australian Securities & Investments Commission form entitled "Change to company details" (the "ASIC Form"). A copy of the ASIC form is attached as Exhibit B. Heath prepared and filed the ASIC Form with the intent to cure a legal defect in the documentation of Initial Equity Transfer and thus effectuate the intended transfer.

## COUNT I
### To Avoid and Recover Fraudulent Transfers
### (Loan Transfers)
### 11 U.S.C. §§548(a)(1)(B) and 550(a) and Cal. Civil Code §§3439.05 and 3439.07
### Against Defendant SSC&L 2007 Trust, Fast Falcon and Does 1 through 5

39. The Trustee hereby refers to Paragraphs 1 through 38, inclusive, and by such reference hereby incorporates and re-alleges them herein.

40. To the extent they occurred, the Loan Transfers were transfers of SK Foods' property.

41. To the extent they occurred, the Loan Transfers were made within four years of the date of the Petition.

42. To the extent they occurred, the Loan Transfers were made without SK Foods receiving a reasonably equivalent value from the SSC&L or Fast Falcon in exchange for the Loan Transfers.

43. To the extent the Loan Transfers occurred, SK Foods was insolvent on the date of the Initial Loan Transfer was made or became insolvent as a result of the Initial Loan Transfer, or was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with SK Foods was unreasonably small capital, or intended to incur, or believed that SK Foods would incur debts that would be beyond SK Foods' ability to pay such debts as they matured.

44. To the extent the Loan Transfers occurred, the Trustee is entitled to avoid and recover the Loan Transfers or the value of the Loan Transfers from SSC&L and Fast Falcon

7

COMPLAINT

PHDATA 3369682_1

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CA 94104-5501
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

for the benefit of the estate pursuant to the provisions of 11 U.S.C. §§548(a)(1)(B) and 550(a) and California Civil Code §§3439.07 and 3439.05.

Wherefore, the Trustee prays for judgment as set forth below.

## COUNT II
### To Avoid and Recover Fraudulent Transfers
### Equity Transfers
### 11 U.S.C. §§548(a)(1)(B) and 550(a) and Cal. Civil Code §§3439.05 and 3439.07
### Against Defendants SKPM, SSRT, MPF, Fast Falcon, and Does 1 through 5

45. The Trustee hereby refers to Paragraphs 1 through 44, inclusive, and by such reference hereby incorporates and re-alleges them herein.

46. To the extent they occurred, the Equity Transfers were transfers of SK Foods' property.

47. To the extent they occurred, the Equity Transfers were made within four years of the date of the Petition.

48. To the extent they occurred, the Equity Transfers were made without SK Foods receiving a reasonably equivalent value from SKPM.

49. To the extent the Equity Transfers occurred, SK Foods was insolvent on the date of the Initial Equity Transfer was made or became insolvent as a result of the Initial Equity Transfer, or was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with SK Foods was unreasonably small capital, or intended to incur, or believed that SK Foods would incur debts that would be beyond SK Foods' ability to pay such debts as they matured.

50. To the extent the Equity Transfers occurred, Plaintiff is entitled to avoid and recover the Equity Transfers or the value of the Equity Transfers from SSC&L, SSRT, MPF and Fast Falcon for the benefit of the estate pursuant to the provisions of 11 U.S.C. §§548(a)(1)(B) and 550(a) and California Civil Code §§3439.07 and 3439.05.

## COUNT III
### Damages for Willful Violation of the Automatic Stay Pursuant to 11 U.S.C. § 362
### Against Defendant Henry John Heath and Does 1 through 5

51. The Trustee hereby refers to Paragraphs 1 through 50, inclusive, and by such reference hereby incorporates and re-alleges them herein.

**COMPLAINT**

PHDATA 3369682_1

52. Pursuant to 11 U.S.C. § 362(a) the filing of the Debtor's bankruptcy petition stayed any act by the Salyer Defendants and Heath to, *inter alia,* obtain possession of, perfect an interest in, enforce a lien against, or take any other action to deprive SK Foods of the Equity Interest.

53. Salyer Defendants and Heath had actual or constructive knowledge of SK Foods' bankruptcy case and the existence of the automatic stay.

54. By filing the ASICS Form Heath willfully attempted to perfect or effectuate the Equity Transfers or obtain possession or title to the Equity Interest in violation of 11U.S.C § 362(a).

55. Heath's actions have caused damage to the SK Foods and the estate.

Wherefore, the Trustee prays for judgment as set forth below.

## PRAYER

WHEREFORE, the Trustee prays for judgment as follows:

1. On the First Count, against SSC&L and Fast Falcon, jointly and severally:
   i. For judgment avoiding and preserving for the benefit of the estate the Loan Transfers, including both the Initial Loan Transfer and Subsequent Loan Transfer;
   ii. For judgment against SSC&L and Fast Falcon, jointly and severally in an amount not less than $17,074,283.00 together with prejudgment and post judgment interest thereon at the legal rate allowed under 28 U.S.C. §1961 from the date of the Initial Loan Transfer;
2. On the Second Count against SKPM, SSRT, MPF, and Fast Falcon, jointly and severally:
   i. For judgment avoiding and preserving for the benefit of the estate the Equity Transfers, including the Initial Equity Transfer, SKPM Subsequent Transfer, SSRT Subsequent Transfer and MPF Subsequent Transfer;

**COMPLAINT**

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CA 94104-5501
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

　　　　　　ii.　For judgment against SKPM, SSRT, MPF, and Fast Falcon in an amount equal to the value of the Equity Transfers to be proved at trial together with prejudgment and post judgment interest thereon at the legal rate allowed under 28 U.S.C. §1961 from the date of the Initial Equity Transfer;

3.　On the Third Count against Heath and Does 1 through 5:

　　　i.　For judgment finding Heath and Does 1 through 5 willfully violated 11 U.S.C. § 362(a) and awarding damages according to proof at trial

4.　For costs of suit herein;

5.　For such other and further relief as the Court may deem just and proper.

Dated: May 4, 2011　　　　　　　　　　　SCHNADER HARRISON SEGAL & LEWIS LLP

　　　　　　　　　　　　　　　　　　　　/s/ *Gregory C. Nuti*
　　　　　　　　　　　　　　　　　　　　Gregory C. Nuti
　　　　　　　　　　　　　　　　　　　　Kevin W. Coleman
　　　　　　　　　　　　　　　　　　　　Attorneys for Bradley D. Sharp,
　　　　　　　　　　　　　　　　　　　　Chapter 11 Trustee

**COMPLAINT**　　　　　　　　　　　10　　　　　　　　　　　PHDATA 3369682_1

# EXHIBIT A

# SK Foods Australia Pty Ltd
A.C.N.: 099 245 735

**Members Register 7/03/2002**

**Ordinary**

SK Foods LP

| Fair Value | Amount Due | Certificate Number | Transaction | | Number | | Balance Held | |
|---|---|---|---|---|---|---|---|---|
| | | | Type | Date | Registration Date | Acquired | Disposed | Beneficially | Non-Beneficially |
| $1.00 | $0.00 | 1 | Allotment | 11/01/2002 | 11/01/2002 | 100 | | 100 | |

# SK Foods Australia Pty Ltd (Company)

# Member's consent

### 1 Consent to become a member

SK Foods LP of Suite 203, 300 Sky Park Drive, Moneterey, California, USA 93940 consents to become a member of the Company and being named in an application for registration of the Company as a proposed member.

### 2 Agreement to the terms of the constitution

SK Foods LP agrees to the terms of the proposed constitution of the Company dated      January 2002.

### 3 Agreement to take up shares

SK Foods LP agrees to take up 100 shares in the capital of the Company at a price of $1.00 per share and agrees to pay the full amount for the shares on registration of the Company.

**Dated:**

**Signed** by
**SK Foods LP**

by: _____     _____
Secretary/Director                                             Director

Richard B. Washburn                     Scott Salyer
Name (please print)                           Name (please print)

(c) The offices and property that I hold where duties or interests might be created in conflict with my duties or interests as a director of the company, and the nature, character and extent of the conflict, are:

(d) Details of the nature and extent of interests in matters that relate to the affairs of the company not disclosed above are as follows:

---

## 3  Notification of change in personal details

I agree to notify the company of any change in my personal details within 7 days after the change.[4]

Signature:    Date: 7-10-02

---

[1] If you need more space attach a separate page. This information in paragraph 1 of the Consent is required so that the company can notify the ASIC of the personal details of each director of the company within 14 days of appointment, as required by section 205B of the Corporations Act.

A company will be in breach of section 201D of the Corporations Act if a person does not give the company a signed consent to act as a director of the company before being appointed.

[2] A person's address must be their usual residential address, unless either:

(a) their name, but not their residential address, is on an electoral roll under the Commonwealth Electoral Act 1918 because of section 104 of that Act (which allows a person to request that his or her name not appear on an electoral roll on the grounds that it would place that person or a member of that person's family at risk); or

(b) their name is not on an electoral roll under that Act and the ASIC has determined, in writing, that including their residential address in the notices required by section 205B of the Corporations Act would put at risk their personal safety or that of their family. A person may apply to use an alternative address using form 378: (see section 205D(2)).

If either (a) or (b) applies, you are entitled to provide an alternative address which must be in Australia and be one at which documents can be served on you. A person who is entitled to use an alternative address

# EXHIBIT B

**Australian Securities & Investments Commission**

**Form 484**
Corporations Act 2001

# Change to company details

Sections A, B or C may be lodged independently with this signed cover page to notify ASIC of:

- A1 Change of address
- A2 Change of name - officeholders and proprietary company members
- A3 Change - ultimate holding company
- B1 Cease company officeholder
- B2 Appoint company officeholder
- B3 Special purpose company
- C1 Cancellation of shares
- C2 Issue of shares
- C3 Change to share structure
- C4 Changes to the register of members for proprietary companies

If there is insufficient space in any section of the form, you may photocopy the relevant page(s) and submit as part of this lodgement

**Company details**

Refer to guide for information about corporate key

Company name: SK FOODS AUSTRALIA PTY LTD
ACN/ABN: 099 245 735
Corporate key: 52792603

**Lodgement details**

Who should ASIC contact if there is a query about this form?

Firm/organisation: DELOITTE PRIVATE PTY LIMITED

Contact name/position description:

ASIC registered agent number (if applicable): 321

Telephone number:

Postal address or DX address: LEVEL 9 550 BOURKE STREET
MELBOURNE, VIC, 3000

Total number of pages including this cover sheet:

**Signature**

This form must be signed by a current officeholder of the company.

I certify that the information in this cover sheet and the attached sections of this form are true and complete.

Name: HEATH, HENRY JOHN

Capacity:
[✓] Director
[ ] Company secretary

Signature:

Date signed: 10/07/09

**Lodgement**

Send completed and signed forms to:
Australian Securities and Investments Commission,
PO Box 4000, Gippsland Mail Centre VIC 3841.

Or lodge the form electronically by visiting the ASIC website www.asic.gov.au

For help or more Information
Telephone 1300 300 630
Email info.enquiries@asic.gov.au
Web www.asic.gov.au

ASIC Form 484    Reference: 0815055    6 September 2007    Trace:    Cover page

## C4 Changes to the register of members for proprietary companies

Use this section to notify changes to the register of members for your proprietary company (changes to the shareholdings of members):
- If there are 20 members or less in a share class, all changes need to be notified
- If there are more than 20 members in a share class, only changes to the top twenty need be notified (s' 78B)
- If shares are jointly owned, you must also provide names and addresses of all joint owners on a separate sheet (annexure), clearly indicating the share class and with whom the shares are jointly owned

**The changes apply to**
Please indicate the name and address of the member whose shareholding has changed

☐ Family name

Given names

OR

☑ Company name
SK PM CORPORATION

ACN/ARBN/ ABN

Office, unit, level, or PO Box number
21 LOWER RAGSDALE DRIVE

Street number and Street name
MONTEREY

Suburb/City
CALIFORNIA 93940

State/Territory

Postcode

Country (if not Australia)
UNITED STATES OF AMERICA

**Earliest date of change**
Please indicate the earliest date that any of the following changes occurred.

Date of change
0 1 / 1 1 / 0 6
[D D] [M M] [Y Y]

**The changes are**

| Share class code | Shares increased by ... (number) | Shares decreased by ... (number) | Total number now held | Total $ paid on these shares | Total $ unpaid on these shares | Fully paid (y/n) | Beneficially held (y/n) | Top 20 member (y/n) |
|---|---|---|---|---|---|---|---|---|
| ORD | 55 | | 55 | 3,490,058.55 | 0.00 | Yes | Yes | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

**Date of entry of member's name in register**
(New members only)

Date of entry
0 1 / 1 1 / 0 6
[D D] [M M] [Y Y]

## C4 Changes to the register of members for proprietary companies

Use this section to notify changes to the register of members for your proprietary company (changes to the shareholdings of members):
- If there are 20 members or less in a share class, all changes need to be notified
- If there are more than 20 members in a share class, only changes to the top twenty need be notified (s178B)
- If shares are jointly owned, you must also provide names and addresses of all joint owners on a separate sheet (annexure), clearly indicating the share class and with whom the shares are jointly owned

**The changes apply to**
Please indicate the name and address of the member whose shareholding has changed

☑ Family name: SALYER    Given names: SCOTT

OR

☐ Company name:

ACN/ARBN/ABN:

Office, unit, level, or PO Box number: 200 SKY PARK DRIVE

Street number and Street name: MONTEREY

Suburb/City: CALIFORNIA 93940

State/Territory:

Postcode:

Country (if not Australia): UNITED STATES OF AMERICA

**Earliest date of change**
Please indicate the earliest date that any of the following changes occurred.

Date of change: 0 1 / 1 1 / 0 6 [DD/MM/YY]

**The changes are**

| Share class code | Shares increased by ... (number) | Shares decreased by ... (number) | Total number now held | Total $ paid on these shares | Total $ unpaid on these shares | Fully paid (y/n) | Beneficially held (y/n) | Top 20 member (y/n) |
|---|---|---|---|---|---|---|---|---|
| ORD | 45 | | 45 | 2,855,502.45 | 0.00 | Yes | No | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

**Date of entry of member's name in register**
(New members only)

Date of entry: 0 1 / 1 1 / 0 6 [DD/MM/YY]

## C4 Changes to the register of members for proprietary companies

Use this section to notify changes to the register of members for your proprietary company (changes to the shareholdings of members):
- If there are 20 members or less in a share class, all changes need to be notified
- If there are more than 20 members in a share class, only changes to the top twenty need be notified (s178B)
- If shares are jointly owned, you must also provide names and addresses of all joint owners on a separate sheet (annexure), clearly indicating the share class and with whom the shares are jointly owned

**The changes apply to**
Please indicate the name and address of the member whose shareholding has changed

☐ Family name
Given names

OR

☑ Company name
SK FOODS LP

ACN/ARBN/ABN

Office, unit, level, or PO Box number
SUITE 203

Street number and Street name
300 SKY PARK DRIVE

Suburb/City
MONTEREY, CALIFORNIA, 93940

State/Territory

Postcode

Country (if not Australia)
UNITED STATES OF AMERICA

**Earliest date of change**
Please indicate the earliest date that any of the following changes occurred.

Date of change: 0 1 / 1 1 / 0 6
[D D] [M M] [Y Y]

**The changes are**

| Share class code | Shares increased by ... (number) | Shares decreased by ... (number) | Total number now held | Total $ paid on these shares | Total $ unpaid on these shares | Fully paid (y/n) | Beneficially held (y/n) | Top 20 member (y/n) |
|---|---|---|---|---|---|---|---|---|
| ORD | | 100 | 0 | 0.00 | 0.00 | Yes | Yes | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

**Date of entry of member's name in register**
(New members only)

Date of entry: ☐ ☐ / ☐ ☐ / ☐ ☐
[D D] [M M] [Y Y]