Case 11-02337   Filed 09/15/11   Doc 128

2011-02337
FILED
September 15, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003769522

**4 PAGES**

Gregory C. Nuti (CSBN151754)
  gnuti@schnader.com
Kevin W. Coleman (CSBN 168538)
  kcoleman@schnader.com
Michael M. Carlson (CSBN 88048)
  mcarlson@schnader.com
SCHNADER HARRISON SEGAL & LEWIS LLP
One Montgomery Street, Suite 2200
San Francisco, California 94104-5501
Telephone: 415-364-6700
Facsimile: 415-364-6785

Attorneys for
Chapter 11 Trustee, Bradley D. Sharp

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| IN RE: | Case No. 09-29162-D-11 |
| SK FOODS, L.P., A CALIFORNIA LIMITED PARTNERSHIP, | Chapter 11 |
| DEBTOR. | |
| BRADLEY D. SHARP, et al., | Adv. Pro. No. 11-2337 |
| Plaintiff, | DC No. SH-1 |
| vs. | |
| SKPM CORP., INC., SSC & L 2007 TRUST, MONTEREY PENINSULA FARMS, LLC, FREDRICK SCOTT SALYER AKA SCOTT SALYER IN HIS CAPACITY AS TRUSTEE OF THE SCOTT SALYER REVOCABLE TRUST AND TRUSTEE OF THE SSC&L 2007 TRUST, SCOTT SALYER REVOCABLE TRUST, FAST FALCON, LLC, HENRY JOHN HEATH, AND DOES 1-5, | **PRELIMINARY INJUNCTION**<br><br>Date: September 15, 2011<br>Time: 10:00 a.m.<br>Place: Courtroom 34<br>501 I Street, 6th Floor<br>Sacramento, CA 95814<br>Judge: Hon. Robert S. Bardwil |
| Defendants. | |

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

RECEIVED
September 15, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003769522

INARY INJUNCTION

TO: **DEFENDANTS SKPM CORP., INC., SSC & L 2007 TRUST, MONTEREY PENINSULA FARMS, LLC, FREDRICK SCOTT SALYER AKA SCOTT SALYER IN HIS CAPACITY AS TRUSTEE OF THE SCOTT SALYER REVOCABLE TRUST AND TRUSTEE OF THE SSC&L 2007 TRUST, SCOTT SALYER REVOCABLE TRUST, FAST FALCON, LLC IN THE ABOVE-CAPTIONED ADVERSARY PROCEEDINGS ("YOU") AND THEIR COUNSEL:**

YOU, YOUR officers, YOUR agents, servants, employees and attorneys and those in active concert or participation with YOU or them (the "Enjoined Entities") ARE HEREBY RESTRAINED AND ENJOINED from selling, transferring, assigning, encumbering, dissipating, or moving: (a) the assets which are the subject matter of this adversary proceeding, specifically, but not limited to, 100 shares in SK Foods Australia Pty Ltd. ("Cedenco Stock") and the right to payment under an inter-company loan in the approximate amount of $18 million made by SK Foods, L.P. to SK Foods Australia Pty, Ltd. ("Inter-Company Loan") and/or the proceeds of same (hereinafter referred to collectively, the "Cedenco Assets"), (b) any rights any of the Enjoined Entities (or anyone claiming under or through them) hold or may hold in the Cedenco Assets, including but not limited to proofs of debt and proofs of equity interest asserted by Defendants, or any of them ("Defendants' Asserted Claims"), in the liquidation proceedings pending in Australia and New Zealand concerning SK Foods Australia Pty Ltd, Cedenco JV Australia Pty Ltd., and SS Farms Australia Pty Ltd. ("Cedenco Liquidation"), and (c) any proceeds, product, or offspring of any of the foregoing, including but not limited to distributions made on account of such proofs of debt or proofs of equity interest by John Sheahan and Ian Russell Lock ("Sheahan/Lock"), the joint liquidators appointed in the Cedenco Liquidation.

IT IS HEREBY ORDERED that Plaintiff Bradley D. Sharp ("Trustee") is authorized to seek recognition of this order by courts in any appropriate jurisdiction in Australia ("Australian Courts") and may request that the Australian Courts give effect to this order, including but not limited to enjoining and restraining Sheahan/Lock from making any distribution of assets in the Cedenco Liquidation to any of the Enjoined Entities (or anyone claiming under or through them) pending entry of a final judgment in this action or further order of this Court, regardless of whether any Enjoined Entities (or anyone claiming under or through them) are successful in establishing their rights to Defendants' Asserted Claims ("Australian Distribution").

1

PRELIMINARY INJUNCTION
Adv. Proc. No. 11-2337

1  IT IS FURTHER ORDERED THAT in the event the Australian Courts decline to
2  implement or otherwise give effect to this order as set forth in the foregoing paragraph, the
3  Trustee is authorized to seek modification of this order ("Modification Motion") to obtain any
4  relief that may be necessary to prevent the transfer in Australia of the Australian Distribution to
5  any of the Enjoined Entities (or anyone claiming under or through them), including but not
6  limited to a request for appointment of a receiver to collect and hold the Australian Distribution
7  if it is determined to be payable to any of the Enjoined Entities (or anyone claiming under or
8  through them).  The time for hearing on the Modification Motion is hereby shortened, as follows.
9  The Court will hear the Modification Motion on any available date, provided that Defendants
10 shall have at least seven (7) days after service of the Modification Motion to file and serve their
11 opposition thereto.  Any reply by the Trustee shall be filed five (5) days after service of the
12 opposition, and a hearing will be conducted five (5) days thereafter.  Service of the Modification
13 Motion and related opposition and reply may be effected by electronic mail.
14  IT IS FURTHER ORDERED that this Injunction is entered on the 15th day of September
15 2011, upon consideration of the motion of Bradley D. Sharp, Chapter 11 Trustee of SK Foods,
16 LP for a preliminary injunction, the submissions and declarations in support of that Motion, and
17 the Opposition and submissions of the Defendants in response to that Motion, and after affording
18 the parties a hearing, and good cause having been shown.
19  For the reasons that will be stated more fully in findings of fact and conclusions of law to
20 be entered, the Court finds that the Trustee has demonstrated a likelihood of success on the
21 merits of his claims in the above-captioned adversary proceeding.  The Court further finds that
22 the Trustee has demonstrated a likelihood of immediate, irreparable harm if the requested relief
23 is not granted.  The Court further finds that no other remedies would provide appropriate relief.
24 The Court further finds that the balance of equities weighs in favor of granting an injunction and
25 that an injunction is in the public interest.
26  This Injunction constitutes a continuation, without interruption, of the restraints and
27 injunctions imposed upon the Enjoined Entities by this Court's September 1, 2011 Temporary
28 Restraining Order and Order to Show Cause Re Preliminary Injunction.

2

PRELIMINARY INJUNCTION
Adv. Proc. No. 11-2337

1  This Injunction shall continue in effect until modified or terminated by the Court.

2  Pursuant to Fed. R. Bankr. P. 7065, the Trustee is not required to file an undertaking, and

3  this Injunction is immediately effective.

5  Dated:  September 15, 2011

*[signature]*
Robert S. Bardwil, Judge
United States Bankruptcy Court

12  PHDATA 3589066_1

3

PRELIMINARY INJUNCTION
Adv. Proc. No. 11-2337